HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW BRAUN, et al,<br><br>            Plaintiff,<br><br>   v.<br><br>CROWN CRAFTS INFANT PRODUCTS, INC., et al,<br><br>            Defendant. | CASE NO. C12-5811RBL<br><br>ORDER DENYING DISMISSAL FOR LACK OF PERSONAL JURISDICTION CONDITIONALLY UPON TRANSFER TO SUITABLE JURISDICTION |

     THIS MATTER has come before the Court upon William Sears, M.D. d/b/a Sears Pediatrics and Family Medicine, Inc.'s Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. #8]. The Court has reviewed the materials submitted for and against the motion. The request for oral argument is denied.

     Plaintiffs make extensive reference to *Heneghan v. Crown Crafts Infant Products*, Cause No. C10-5908-RJB, and the fact that Dr. Sears admitted in response to Heneghan's allegations regarding jurisdiction and venue that "he had publications including 'The Baby Book' that were available on-line through http://www.askdrsears.com and that this website enabled purchases of certain infant products in Washington State." [Dkt. #12, 6:10-14]. Dr. Sears admits, as he did in answer to Heneghan, that the website http://www.askdrsears.com enabled purchases of certain

ORDER DENYING - 1

infant products in Washington State in the past, but has declared that neither he nor Sears Pediatrics made sales of any kind through the website since 2010.

In *Heneghan*, the plaintiffs alleged that venue was proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because "the defendant purposely availed itself to the district, the events that gave rise to this action took place in this district, and plaintiffs reside in the district." [Pltf's Amended Complaint in *Heneghan v. Crown Crafts Infant Products*, 10-5908-RJB]. [Dkt. #13].

Plaintiffs here allege that "venue is proper in the Western District pursuant to 28 U.S.C. § 1391 because the defendants purposely avail themselves to this district, are subject to personal jurisdiction, and because the Court is familiar with the issues presented in this case. [Dkt. #1].

### 1. General Jurisdiction

The plaintiff has the burden to establish personal jurisdiction. *Real Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). General jurisdiction exists over a defendant where it engages in "continuous and systematic general business contacts" in the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). General jurisdiction requires a much more substantial connection to the forum than does specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1985). The Court must consider "all of the defendants' activities that impact the state, including whether the defendant makes sales, solicits or engages in business, serves the state's market, designates an agent for service of process, holds a license, has employees, or is incorporated there." *Hirsch v. Blue Cross, Blue Shield of Mississippi*, 800 F.2d 1474, 1478 (9th Cir. 1986).

Plaintiffs have failed to make a *prima facie* showing of general personal jurisdiction over Sears. Plaintiffs have not pled any facts indicating that Sears has engaged in "substantial" or "continuous and systematic" contacts with Washington. Rather, plaintiffs simply allege that

Sears is a Pediatrician with his principal place of business and a registered agent in Capistrano Beach, California, and that Sears "engaged in the design, development, promotion, and sales of the 'Nojo – The Original Baby Sling' to parents throughout the United States and Washington State." [Dkt. #1, p. 1.2].  These facts do not to establish the continuous and systematic general business contacts required to establish general jurisdiction.

**2. <u>Specific Jurisdiction</u>**

Specific jurisdiction is determined on a case-by-case basis.  Plaintiffs have failed to present any evidence that this Court has specific jurisdiction over Dr. Sears in this matter.  In the prior case, Plaintiff Ann Heneghan was a resident of Washington at all relevant times:  when she purchased the sling at issue, at the time of her daughter's death, and when she brought claims against Dr. Sears in this state.  Heneghan purchased the "Nojo – The Original Baby Sling" in Washington at a secondhand store, such that it was possible the relevant product was originally purchased directly from Dr. Sears by a Washington resident.  More importantly, the impact in *Heneghan* was felt in the forum state because Kathleen Ross, Heneghan's daughter, died in Washington leaving behind parents who were residents of Washington.  In light of these facts, Dr. Sears did not contest this Court's specific jurisdiction over him.

This case presents an entirely different situation.  Plaintiffs were, at the time of Maxwell Braun's death, residents of the State of Virginia, visiting the State of Connecticut, and the subject sling was purchased in Virginia.  Plaintiffs have not shown, and cannot show, the requisite nexus between the claim they allege against Dr. Sears and Dr. Sears' forum-related activities.  There is no specific jurisdiction, nor the possibility of specific jurisdiction, over Sears.

3. **Change of Venue**

Even if the Court did have specific jurisdiction, it is plain that venue is not proper here. 28 U.S.C. § 1391(b). In lieu of dismissal, in the interest of justice, the Court will transfer the case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).

## CONCLUSION

The Motion to Dismiss is **DENIED** conditionally upon the transfer of the case to an appropriate venue.

Dated this 20th day of March, 2013.

_/s/ Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE